■ In the Matter of DEAN WEINSTOCK, Appellant. HECTOR A., Respondent. [733 NYS2d 243] —In a proceeding pursuant to Mental Hygiene Law § 9.60 to authorize assisted outpatient treatment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Cutrona, J.), dated December 6, 2000, which, after a hearing, denied the petition.

Ordered that the order and judgment is reversed, on the law and as a matter of discretion, without costs or disbursements, the petition is granted, and the matter is remitted to the Supreme Court, Kings County, to issue an appropriate order for assisted outpatient treatment.

The Supreme Court erred in concluding that the petitioner failed to establish by clear and convincing evidence that the

patient had a history of noncompliance with treatment, resulting in one or more acts, attempts or threats of "serious violent behavior" by the patient in the preceding 48 months (Mental Hygiene Law § 9.60 [c] [4] [ii]).

In fact, the patient's treating psychiatrist testified that the patient had a history of "cheeking" his medication whenever he could during his three-year hospitalization; of showing no medication in his blood on testing; of boasting that he would not take medication when he was free; of decompensating when he was not medicated; and of becoming paranoid and violent when he decompensated. This unrebutted testimony was amply corroborated by numerous entries in the patient's hospital record. In addition, the psychiatrist testified to two violent events—one in 1997, when the patient assaulted his sister, and the other in 1999, when he stabbed a hospital employee—both of which occurred during periods when the patient did not appear to be taking his medications. These incidents were documented in the patient's chart, as was the unanimous opinion of hospital personnel that the patient's violence was attributable to his failure to take his medications. There is no merit to the patient's argument that the violent act he committed against a hospital employee must be disregarded under Mental Hygiene Law § 9.60 (c) (4) (ii). This provision simply extends the 48-month period for considering the patient's violent behavior by the duration of his hospitalization or incarceration "immediately preceding the filing of the petition." This provision in no way eliminates from consideration violent acts occurring during the hospitalization or incarceration (see, Matter of Julio H., 187 Misc 2d 384, 387; McKinney's Cons Laws of NY, Book 1, Statutes § 254 [relative or qualifying words or clauses in statute ordinarily to be applied to words or phrases immediately preceding, and not to be construed as extending to others more remote]).

Because the record establishes the patient's need for assisted outpatient treatment by clear and convincing evidence (see, Mental Hygiene Law § 9.60 [j] [3]; Matter of Manhattan Psychiatric Ctr., 285 AD2d 189 [1st Dept., July 26, 2001]), the Supreme Court could not have arrived at its determination on any fair interpretation of the evidence (see, Matter of Seltzer v Hogue, 187 AD2d 230, 237). Santucci, J. P., Goldstein, McGinity and Crane, JJ., concur.